IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARJORIE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-124-WHA |
| | ) | |
| GOLDEN LIVING NURSING HOME, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, Marjorie Mitchell ("Mitchell") (Doc. #10); A Motion to Strike Amended Complaint filed by Defendant Golden Living Nursing Home ("Golden Living") (Doc. #14); a Motion to Amend filed by Mitchell (Doc. #18); and a Motion to Withraw or Voluntarily Dismiss filed by Mitchell (Doc. #19).

Mitchell originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama (Doc. #1-1). Mitchell alleges that she suffered injuries on the premises of the Defendant, Golden Living, after a slip and fall caused by "standing liquid and wet floor substance." (Doc. #1-1, ¶ 4). As a result, the Plaintiff claims she incurred medical expenses, mental anguish and emotional distress, and pain and soreness in her back. (Doc. #1-1, ¶ 6). Originally, Mitchell only named Golden Living as a Defendant, but also referenced fictitious party defendants in the Complaint in demanding compensatory and punitive damages for negligence and/or wanton conduct.

Golden Living filed a Notice of Removal on February 25, 2016. (Doc. #1). Golden Living asserts diversity jurisdiction pursuant to 28 U.S.C. §1332, stating that complete diversity exists between the parties and the requisite amount in controversy is met as evidenced by a settlement demand letter.  The written demand letter gives a timeline of Mitchell's injury, doctor's visits, and diagnoses, and states that Mitchell has authorized her attorney to accept $80,000.00 to resolve her claim. (Doc. #13-2).

Following the Notice of Removal, on April 29, 2016, Mitchell filed an Amended Complaint adding Jamelyn Akins ("Akins") and Brenda Birch ("Birch") as Defendants.  On May 2, 2016, Mitchell filed the instant Motion to Remand asserting that defendants Akins and Birch destroy complete diversity and also arguing that the amount in controversy does not meet the jurisdictional amount.

Mitchell then sought to withdraw her Amended Complaint and file a new Amended Complaint naming other individuals as Defendants.  Golden Living moved to strike the Amended Complaint and opposes amendment of the Complaint.

For reasons to be discussed, the Motion to Remand is due to be GRANTED and the remaining motions left for disposition by the state court.

## II.    MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co*., 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit

favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

### III.    DISCUSSION

A defendant may remove any civil action filed in state court to federal court if the district courts of the United States would have original jurisdiction. 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over claims between citizens of different states and where the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332.   In this case, the Plaintiff, Mitchell, has sought to add parties through various amendments to the Complaint which would destroy diversity jurisdiction, if such jurisdiction exists.  Therefore, the court turns first to the issue of whether there was diversity jurisdiction at the time of removal.

Where the basis for removing a case to federal court is diversity jurisdiction, the removing party must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Rae v. Perry*, 392 Fed. App'x 753, 755 (11th Cir. 2010). Attorneys' fees should not be considered when determining the jurisdictional amount in controversy unless they are allowed for by statute or by contract.  *Rae*, 392 Fed. App'x at 755. Where, as here, a plaintiff does not plead a specific amount in controversy in the complaint, a removing defendant must show by a preponderance of the evidence that the jurisdictional amount is met. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka,* 608 F.3d at 754.

Golden Living argues that Mitchell failed to timely object to removal on the basis of the amount in controversy.  Although the Motion to Remand was not filed within 30 days from removal, Mitchell did argue in her Motion that the requisite amount is not in controversy, so that

subject matter jurisdiction is lacking.  *See* 28 U.S.C.A. § 1447 (c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

In arguing that the requisite amount in controversy exists, Golden Living relies on evidence in the form of a settlement demand letter.   As set out above, the written demand letter gives a timeline of Mitchell's injury, doctor's visits, and diagnosis and states that Mitchell has authorized her attorney to accept $80,000.00 to resolve her claim. (Doc. #13-2).

A settlement demand letter is admissible evidence of the amount in controversy. *Bankhead v. Am. Suzuki Motor Corp.,* 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008). While a settlement offer alone is not determinative, because such letters commonly reflect puffing or posturing, it is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *McCullough v. Plum Creek Timberlands, L.P.*, No. 309CV1038-MHT, 2010 WL 55862, at *5 (M.D. Ala. Jan. 4, 2010).

In *Sims v. Valluzzo*, No. 16-01610WS-B, 2016 WL 3211430 (S.D. Ala. June 9, 2016)*,* the court described the evidence which settlement letters provide as falling on a spectrum, with demands which are puffing and posturing at a high level of abstraction at one end, which are entitled to little weight, and demands with specific information to support the demand at the other, which are entitled to more weight.  *Id.* at *3.  Cases involving specific enough information to support jurisdiction have included cases with documented medical bills. *Id.*  They have also involved amounts exceeding the jurisdictional amount so that "the gap between the value of the demand and the minimum jurisdictional amount allows room for some puffing and posturing

while still providing sufficiently reliable evidence that, by [the plaintiff's] own estimation, at least the minimum jurisdictional amount is in controversy." *McCullough,* 2010 WL 55862, at *5. By contrast, one case involving a lack of specific information, which was remanded, included a settlement demand relayed by counsel which did not include information regarding the plaintiff's valuation of the case. *See Simpson v. Primerica Life Ins., Co*., No. 2:15cv777-WKW, 2015 WL 93155658 (M.D. Ala. 2015).

Mitchell argues the settlement letter demand of $80,000 constituted a mere negotiation and is not sufficient to prove the jurisdictional amount in controversy. (Doc. #10, ¶11).

Upon review of the written demand letter given to Golden Living, it is evidence that the letter gives a timeline of Mitchell's injury, doctor's visits, and diagnosis. The demand latter also asserts that Mitchell will likely require surgery, and states the plaintiff "feels strongly" that the pain and suffering will "more than likely continue." (Doc. #1-2). Mitchell also seeks both compensatory and punitive damages in this case. *See Rae,* 392 Fed. App'x at 755 ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."). Mitchell does not, however, give a valuation of any of her treatment, and although medical records are referred to as being attached to the letter, no statement of costs incurred has been provided to the court. Further, the statement of demand does not purport to be a valuation of her claim, exclusive of interest and costs, including attorneys' fees, but instead states that Mitchell has authorized her attorney "to accept $80,000.00 to resolve her claim," to "avoid the delay and further stresses of litigation." (Doc. #13-2). Therefore, the court finds that the settlement demand in this case falls somewhere between the extremes of a highly-detailed valuation of the claim and an abstractly determined amount which includes puffing or posturing.

Because significant federalism concerns are raised whenever a case is removed from state to federal court, federal courts are directed to construe removal statutes strictly.  *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 411 (11th Cir. 1999).  "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."  *Univ. of S. Ala.*. 168 F.3d at 411.  While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of her own claim.  *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994).  Accordingly, unresolved doubts concerning the propriety of the removal must be resolved by remanding the action to state court. *See Burns*., 31 F.3d at 1095.  Applying that standard in this case, the court concludes that the demand letter which lacks a valuation of any damages to support a lump sum demand which is barely greater than the jurisdictional amount is not sufficient to establish by a preponderance of evidence that the requisite amount is in controversy.

## IV.    CONCLUSION

For reasons discussed, the court concludes that it lacked subject matter jurisdiction at the time of removal.

Accordingly, it is hereby ORDERED that the Motion to Remand (Doc. #10) is GRANTED.

All other pending motions are left for disposition by the state court.

The Clerk is DIRECTED to take the necessary steps to remand this case to the Circuit Court of Montgomery, Alabama.

DONE this 15th day of June, 2016.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE